**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**

**Grand Jury Sworn in on April 30, 2026**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO.** |
| : | |
| v. : | **MAGISTRATE NO.** |
| : | |
| **DUANE TAYLOR,** : | **VIOLATION:** |
| : | **18 U.S.C. § 922(g)(1)** |
| **Defendant.** : | **(Unlawful Possession of a Firearm and** |
| : | **Ammunition by a Person Convicted of a** |
| : | **Crime Punishable by Imprisonment for a** |
| : | **Term Exceeding One Year)** |
| : | |
| : | **22 D.C. Code, Section 402** |
| : | **(Assault with a Dangerous Weapon)** |
| : | |
| : | **22 D.C. Code, Section 4504(b)** |
| | **(Possession of a Firearm During a Crime of** |
| | **Violence or Dangerous Offense)** |

**FORFEITURE:
18 U.S.C. § 924(d); 21 U.S.C. § 853(p); and
28 U.S.C. § 2461(c)**

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about March 18, 2026, within the District of Columbia, DUANE TAYLOR, knowing

he had previously been convicted of a crime punishable by imprisonment for a term exceeding one

year, in the Superior Court for the District of Columbia, Case Number 2024-CF2-000132, and in

the Circuit Court for Prince Georges County, Case Number CT200478B, did unlawfully and

knowingly receive and possess a firearm, that is, a Taurus Millennium G2, .40 caliber semi-

automatic pistol, and did unlawfully and knowingly receive and possess ammunition, that is, .40

caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of 18 U.S.C. § 922(g)(1))

## COUNT TWO

On or about March 18, 2026, within the District of Columbia, DUANE TAYLOR assaulted a person unknown to the grand jury with a dangerous weapon, that is, a firearm.

**(Assault with a Dangerous Weapon**, in violation of 22 D.C. Code, Section 402 (2001 ed.))

## COUNT THREE

On or about March 18, 2026, within the District of Columbia, DUANE TAYLOR did possess a firearm or imitation thereof while committing the crime of Assault with a Dangerous Weapon, a crime of violence, as set forth in the Second Count of this indictment.

**(Possession Of a Firearm During Crime of Violence or Dangerous Offense**, in violation of 22 D.C. Code, Section 4504(b) (2001 ed.))

## COUNT FOUR

On or about March 22, 2026, within the District of Columbia, DUANE TAYLOR, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Case Number 2024-CF2-000132, and in the Circuit Court for Prince Georges County, Case Number CT200478B, did unlawfully and knowingly receive and possess a firearm, that is, a Taurus Millennium G2, .40 caliber semi-automatic pistol, and did unlawfully and knowingly receive and possess ammunition, that is, .40

2

caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of 18 U.S.C. § 922(g)(1))

### FORFEITURE ALLEGATION

Upon conviction of the offense alleged in Count One and Count 2 of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to a Taurus Millennium G2, .40 caliber, semi-automatic handgun and .40 caliber ammunition.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the Court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

**(Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

3

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

A TRUE BILL:

By: _____
GAURI GOPAL
Assistant United States Attorney

FOREPERSON.

4